JONATHAN COHEN
DC Bar No. 483454; jcohen2@ftc.gov
MIRIAM R. LEDERER
DC Bar No. 983730; mlederer@ftc.gov
600 Pennsylvania Ave., NW, CC-9528
Washington, D.C. 20580
202-326-2551 (Cohen); -2975 (Lederer); -3197 (fax)

JOHN D. JACOBS (Local Counsel)
CA Bar No. 134154, jjacobs@ftc.gov
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
310-824-4343; -4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

FILED
APR 14, 2015
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY MKU
Deputy Clerk, U.S. District Court

UNDER SEAL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION,
Plaintiff,

v.

DENNY LAKE (also d/b/a JD United, U.S. Crush, Advocacy Department, Advocacy Division, Advocacy Program, and Advocacy Agency); CHAD CALDARONELLO (a/k/a Chad Carlson and Chad Johnson), individually and as an officer of C.C. Enterprises, Inc.; C.C. ENTERPRISES, INC. (also d/b/a HOPE Services, Trust Payment Center, and Retention Divisions); DEREK NELSON (a/k/a Dereck Wilson), individually and as an officer of D.N. Marketing, Inc.; D.N. MARKETING, INC. (also d/b/a HAMP Services and Trial Payment Processing); BRIAN PACIOS (a/k/a Brian Barry and Brian Kelly); JUSTIN MOREIRA (a/k/a Justin Mason, Justin King, and Justin Smith),
Defendants, and

CORTNEY GONSALVES,
Relief Defendant.

**Case No.** SACV 15-00585-CJC (JPRx)

**PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, LIMITED EXPEDITED DISCOVERY, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

**[LODGED UNDER SEAL]**

Pursuant to FRCP 65(b) and LR 7-19, Plaintiff Federal Trade Commission ("FTC") hereby applies *ex parte*, without notice to Defendants, for a Temporary Restraining Order ("TRO").

(1) As the FTC's accompanying Memorandum details, this case involves the theft of mortgage payments from at least 432 distressed homeowners already facing foreclosure. Entering the Proposed *ex parte* TRO is the only way to protect their legal right to restitution.

(2) Defendants Chad Caldaronello, C.C. Enterprises, Inc., Brian Pacios, Justin Moreira, Derek Nelson, and D.N. Marketing, Inc. (collectively "the HOPE Defendants") are violating Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1), the Telemarking Sales Rule ("TSR"), 12 C.F.R. Part 310, and the Mortgage Assistance Relief Services ("MARS") Rule, 16 C.F.R. Part 1015 (including, without limitation, the MARS Rule's advance fee ban, *see* 16 C.F.R. § 1015.5(a)). Also in violation of the MARS Rule, Defendant Denny Lake substantially assists the HOPE Defendants' advance fee ban violations. *See id.* § 1015.6. Finally, the HOPE Defendants transfer stolen funds to Relief Defendant Cortney Gonsalves (HOPE Defendant Pacios' girlfriend).

(3) As the accompanying Memorandum explains, the FTC is likely to prevail against the Defendants, and the balance of the equities strongly favors the requested relief.

(4) As the accompanying Memorandum also explains, *ex parte* relief without notice (including an asset freeze and temporary receiver) are necessary for numerous reasons, including that fraud permeates Defendants' enterprise. The evidence demonstrates a substantial likelihood that, if Defendants receive notice of the FTC's *ex parte* Application before a Temporary Receiver can take short-term measures to preserve the *status quo*, Defendants will dissipate assets, conceal funds, and destroy evidence.

(5) To stop ongoing unlawful conduct, to prevent further injury, and to protect the victims' right to the restitution that the law permits, the FTC respectfully requests that the Court grant its *ex parte* Application.

JONATHAN COHEN
MIRIAM R. LEDERER

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Executed on April 11, 2015 in Washington, D.C.