JONATHAN COHEN
DC Bar No. 483454; jcohen2@ftc.gov
MIRIAM R. LEDERER
DC Bar No. 983730; mlederer@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-9528
Washington, DC 20580
202-326-2551 (Cohen); -2975 (Lederer); -3197 (facsimile)

JOHN D. JACOBS (Local Counsel)
CA Bar No. 134154, jjacobs@ftc.gov
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
310-824-4343; -4380 (facsimile)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. SACV15-00585 CJC (JPRx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| DENNY LAKE, *et al.*, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having consented to the entry of a protective order in this form without further notice, and the Court having found that the discovery of information that one or more parties or non-parties may consider confidential has been or may be requested in this action and that the disclosure and distribution of such information should be reasonably restricted, the Court finds that good cause exists for the entry of this Order.

THEREFORE, IT IS ORDERED that the parties, their representatives, agents, experts, and consultants, and any other interested persons, including non-parties from whom information may be sought in discovery, shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed, or filed in this case:

1. An attorney marking material as "Confidential Material" certifies in good faith that it contains:  (a) sensitive personal information, or (b) trade secret(s) or other confidential research, development, or commercial information.

2. "Sensitive Personal Information" means any:  (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number:  (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3. Confidential Material must be designated as follows:

    a. Mark paper materials "CONFIDENTIAL."  If paper material is only confidential in part, mark only the portions of the material that are confidential.

  b. Mark electronic materials "CONFIDENTIAL" by marking each electronic page or subpart that is confidential. If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material. Also mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

  c. Designate deposition transcripts as Confidential Material within 10 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

4. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

5. Within ten (10) days of a written objection to the designation of Confidential Material, the designating party must move the Court to uphold the designation. The burden of proving that the designation is proper is on the designating party. Failure to seek timely an order upholding the designation terminates confidential treatment.

6. Confidential Material may only be disclosed to:

  a. the Court and court personnel;

  b. the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;

  c. experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

  d. any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material;

  e. witnesses and their counsel, provided that they agree in writing to

abide by this protective order.

7. Disclosure of confidential material to any person described in Paragraph 6 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever. Provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose confidential material as if the provisions of its Rules of Practice or sections 6 and 21 of the Federal Trade Commission Act apply herein. Moreover, nothing in this Order shall prohibit use or disclosure to comply with any other legal obligation imposed upon the Commission.

8. Confidential Material shall only be filed with a motion to seal the material, unless the party introducing the material provides the designee notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the designee to seek further protection from the Court. If the designee seeks protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request.

9. Information contained in documents or other discovery material that are designated as "Confidential" may be summarized (including in summaries prepared in accordance with Rule 1006 of the Federal Rules of Evidence); such summaries shall not be deemed Confidential Material.

10. Documents or discovery material will not be deemed Confidential Material, regardless of a party's designation, if such document or discovery material is public.

11. At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Materials and any other materials containing confidential information. All Confidential Materials held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential Materials

in accordance with Rule 4.12 of the FTC's Rules of Practice.

12.   This Order continues to govern Confidential Information after conclusion of the case absent further order of the Court.  This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

**IT IS SO ORDERED**, this 18th day of November, 2015.

Dated: November 18, 2015

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

4