# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DENNY LAKE, *et al*.<br><br>Defendants. | Case No. SACV 15-00585-CJC(JPRx)<br><br>**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST RELIEF DEFENDANT CORTNEY GONSALVES**<br><br>Judge: Hon. Cormac J. Carney<br>Courtroom 9B |

Plaintiff Federal Trade Commission ("Commission") filed its Complaint for Permanent Injunction and Other Equitable Relief on April 14, 2015, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538. The Commission and Relief Defendant Cortney Gonsalves ("Gonsalves") stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Monetary Judgment Against Relief Defendant Cortney Gonsalves ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## **FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Relief Defendant Gonsalves received, directly or indirectly, funds or assets that are traceable to funds obtained from consumers as a result of deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Mortgage Assistance Relief Services ("MARS") Rule, 12 C.F.R. § 1015, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. These deceptive acts and practices included, without limitation, falsely stating that consumers were approved for government-backed home loan modifications and taking advance fees for MARS.

3. Relief Defendant Gonsalves is not a *bona fide* purchaser with legal and equitable title to these funds or assets, and instead holds the funds and assets in constructive trust for the benefit of these consumers.

4. Except as expressly specified herein, Gonsalves neither admits nor denies the allegations in the Complaint. Only for purposes of this action, Gonsalves admits the facts necessary to establish jurisdiction.

5. Gonsalves waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

6. Gonsalves waives any claim that she may have against the Commission, the Receiver, or their agents.

7. Gonsalves and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A. "**Financial product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

    1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

    2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

    4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

B. "**Other Defendants**" includes: Brian Pacios (a/k/a Brian Barry and Brian Kelly), Chad Caldaronello (a/k/a Chad Carlson and Chad Johnson), Justin

Moreira (a/k/a Justin Mason, Justin King, and Justin Smith), Derek Nelson (a/k/a Dereck Wilson), Denny Lake (also d/b/a JD United, U.S. Crush, Advocacy Division, Advocacy Department, Advocacy Agency, and Advocacy Program), C.C. Enterprises, Inc. (also d/b/a HOPE Services, Trust Payment Center, and Retention Divisions), and D.N. Marketing, Inc. (also d/b/a HAMP Services and Trial Payment Processing), including their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

C. "**Relief Defendant**" means Cortney Gonsalves.

## ORDER

**I. MONETARY JUDGMENT**

IT IS ORDERED that:

A. Judgment in the amount of Two Hundred-Eighteen Thousand, Seven Hundred Sixty-Eight Dollars ($218,768) as equitable monetary relief is entered in favor of the Commission and against Relief Defendant.

B. Any entity or person, including Defendant or any financial institution, holding Relief Defendant's frozen assets must transfer those assets to the Receiver in accordance with the Receiver's instructions, within seven days of the entry of this Order. Those assets include: Wells Fargo account no. XXXXXX2953; Wells Fargo account no. XXXXXX0392; and Wells Fargo account no. XXXXXX1575. After the Receiver's court-approved fees have been fully satisfied, the Receiver must transfer the balance to the Commission.

C. Relief Defendant shall take all steps necessary to assist in the transfer of all frozen assets, including those identified in Subsection B. In the event it is necessary to execute additional documents to transfer, liquidate, or assign Relief Defendant's assets or any other assets surrendered under this Order, Relief Defendant shall execute such documents within three days of a request from a representative of the Commission.

D. The Asset Freeze in the Preliminary Injunction is modified only with respect to Relief Defendant Gonsalves. Once all of Relief Defendant's frozen assets are transferred in accordance with subsection B, the Asset Freeze will dissolve with respect to Relief Defendant Gonsalves.

E. Relief Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

F. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H. Relief Defendant acknowledges that her Social Security number, which she previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies)

as it determines to be reasonably related to Relief Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Relief Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

J. The Commission may request any tax-related information, including tax returns and other filings, that Relief Defendant has the authority to release. Within 14 days of receipt of a written request from a representative of the Commission, Relief Defendant must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission.

## II. COOPERATION

IT IS FURTHER ORDERED that Relief Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Relief Defendant must provide truthful and complete information, evidence, and testimony. Relief Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## III. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that:

A. Relief Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Lake* – Cortney Gonsalves, X150052.

## IV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Relief Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Relief Defendant must: submit the requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Relief Defendant. Relief Defendant must permit representatives of the Commission to interview any employee or other person affiliated with her who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Relief Defendant or any individual or entity affiliated with Relief Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Relief Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## V. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 4th day of December, 2015.

Dated: December 4, 2015

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE