

1
2
3
4
5
6
7
8
9   **UNITED STATES DISTRICT COURT**
10   **CENTRAL DISTRICT OF CALIFORNIA**
11
12   FEDERAL TRADE COMMISSION,        )   Case No.  SACV 15-00585-CJC(JPRx)
                                       )
13          Plaintiff,                 )
                                       )   **STIPULATED FINAL ORDER**
14                                     )   **FOR PERMANENT INJUNCTION**
                                       )   **AND MONETARY JUDGMENT**
15          v.                         )   **AGAINST DEFENDANT DEREK**
                                       )   **NELSON**
16                                     )
                                       )   Judge:  Hon. Cormac J. Carney
17   DENNY LAKE, *et al*.              )   Courtroom 9B
                                       )
18          Defendants.                )
                                       )
19                                     )
                                       )
20                                     )
                                       )
21                                     )
22
23
24
25
26
27
28

Plaintiff Federal Trade Commission ("Commission") filed its Complaint for Permanent Injunction and Other Equitable Relief on April 14, 2015, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538.  The Commission and Defendant Derek Nelson ("Nelson") stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Monetary Judgment Against Defendant Derek Nelson ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## **FINDINGS**

This Court, on the stipulations of the parties, finds that:

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that, with respect to the sale of Mortgage Assistance Relief Services ("MARS"), Defendant Nelson participated in deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the MARS Rule, 12 C.F.R. § 1015, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  These deceptive acts and practices included, without limitation, falsely stating that consumers were approved for government-backed home loan modifications and taking advance fees for MARS.

3.     Except as expressly specified herein, Nelson neither admits nor denies the allegations in the Complaint.  Only for purposes of this action, Nelson admits the facts necessary to establish jurisdiction.

4.     Nelson waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.     Nelson waives any claim that he may have against the Commission, the Receiver, or their agents.

6.     Nelson and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A.     "**Assisting others**" includes:

1.     performing customer service functions, including receiving or responding to consumer complaints;

2.     formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.     formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.     providing names of, or assisting in the generation of, potential customers;

5.     performing marketing services of any kind including, but not limited to, telemarketing;

1         6.     performing billing or payment services of any kind;

2         7.     acting or serving as an owner, officer, director, manager, or

3 principal of any entity.

4      B.    "**Defendant**" means Derek Nelson.

5      C.    "**Financial product or service**" means any product, service, plan, or

6 program represented, expressly or by implication, to:

7         1.     provide any consumer, arrange for any consumer to receive, or

8 assist any consumer in receiving, a loan or other extension of credit;

9         2.     provide any consumer, arrange for any consumer to receive, or

10 assist any consumer in receiving, credit, debit, or stored value cards;

11        3.     improve, repair, or arrange to improve or repair, any

12 consumer's credit record, credit history, or credit rating; or

13        4.     provide advice or assistance to improve any consumer's credit

14 record, credit history, or credit rating.

15      D.    "**Person**" means a natural person, organization, or other legal entity,

16 including a corporation, partnership, proprietorship, association, cooperative, or

17 any other group or combination acting as an entity.

18      E.    "**Secured or unsecured debt relief product or service**" means:

19        1.     With respect to any mortgage, loan, debt, or obligation between

20 a person and one or more secured or unsecured creditors or debt collectors, any

21 product, service, plan, or program represented, expressly or by implication, to:

22         a.     stop, prevent, or postpone any mortgage or deed of

23 foreclosure sale for a person's dwelling, any other sale of collateral, any

24 repossession of a person's dwelling or other collateral, or otherwise save a person's

25 dwelling or other collateral from foreclosure or repossession;

26         b.     negotiate, obtain, or arrange a modification, or

27 renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or

28

obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

        c.    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

        d.    negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

        e.    obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

        f.    negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

        2.    With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

        a.    repay one or more unsecured loans, debts, or obligations; or

        b.    combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

F.     "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate phone call.

## <u>ORDER</u>

**I.     BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES**

IT IS ORDERED that Defendant is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

**II.     PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES**

IT IS FURTHER ORDERED that Defendant, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.     the terms or rates that are available for any loan or other extension of credit, including:

1.     closing costs or other fees;

2.     the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.     the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.      the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6.      whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.      that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.      the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C.      that a consumer will receive legal representation;

D.      any special connections or relationships with lenders or financial institutions; or

E.      any other fact material to consumers concerning any financial product, service, plan, or program.

**III.     PROHIBITION AGAINST TELEMARKETING PRACTICES**

IT IS FURTHER ORDERED that Defendant, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the telemarketing of any product, service, plan, or program, are hereby permanently restrained and enjoined from:

A.      Initiating or assisting others in initiating any outbound telephone call,

or receiving or assisting others in receiving any inbound telephone call, without maintaining records reflecting:

  1. the date each consumer is charged;

  2. where each consumer's funds are being held;

  3. the product, service, plan, or program for which each consumer is paying, including but not limited to details that are specific for each consumer; and

  4. the representations made to each consumer, including but not limited to any scripts or other statements made to the consumer regarding any material restrictions, limitations, refund policies, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the product, service, plan, or program.

B. Initiating or assisting others in initiating any outbound telephone call, or receiving or assisting others in receiving any inbound telephone call, in which they, or the persons they are assisting, fail to disclose truthfully, promptly, and in a clear and conspicuous manner to the consumer receiving or making the call:

  1. the identity of the seller, including the entity or entities for whom the seller is trying to sell a product, service, plan, or program;

  2. that the purpose of the call is to sell a product, service, plan, or program; and

  3. the nature of the product, service, plan, or program.

## IV. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendant, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for

sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

     A.    any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

     B.    that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or any program, including but not limited to any public, non-profit, or other non-commercial program;

     C.    the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

     D.    the person who will provide any product, service, plan, or program to any consumer;

     E.    that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

     F.    that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement; or

     G.    any other fact material to consumers concerning any product, service, plan, or program.

**V.    PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS**

     IT IS FURTHER ORDERED that Defendant, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or

indirectly, in connection with the sale of any financial product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## VI.   MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of Eight Hundred Fifty-Nine Thousand, Eight Hundred Thirty-Nine Dollars ($859,839.00) is entered in favor of the Commission and against Defendant as equitable monetary relief.

B.     Any entity or person, including Defendant or any financial institution, holding Defendant's frozen assets must transfer those assets to the Receiver in accordance with the Receiver's instructions, within seven days of the entry of this Order.  Those assets include:  Bank of America account no. XXXXXX7662.  After the Receiver's court-approved fees have been fully satisfied, the Receiver must transfer the balance to the Commission.  Upon completion of payment of all frozen assets, the remainder of the judgment is suspended, subject to Subsections E, F, and G below.

C.     Defendant shall take all steps necessary to assist in the transfer of all frozen assets, including those identified in Subsection B.  In the event it is necessary to execute additional documents to transfer, liquidate, or assign Defendant's assets or any other assets surrendered under this Order, Defendant

shall execute such documents within three days of a request from a representative of the Commission.

D.    The Asset Freeze in the Preliminary Injunction is modified, only with respect to Defendant Nelson.  Once all of Defendant's frozen assets are transferred in accordance with Subsection B, the Asset Freeze will dissolve with respect to Defendant Nelson.

E.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "Financial Attestations") submitted to the Commission, including Defendant Derek Nelson's Financial Statement (dated August 13, 2015) and his revisions and supplements, submitted on September 11, 2015.

F.    The suspension of the judgment will be lifted as to Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misrepresentation or omission in the Financial Attestations.

G.    If the suspension of the judgment is lifted, the judgment in the amount specified in Subsection A will become immediately due (which the parties stipulate for purposes of this Section represents consumer injury), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.    Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary

judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.      Defendant acknowledges that his Social Security number, which he previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

L.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

M.      The Commission may request any tax-related information, including tax returns and other filings, that Defendant has the authority to release.  Within 14 days of receipt of a written request from a representative of the Commission, Defendant must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission.

## VII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any defendant obtained prior to entry of this Order in connection with the marketing or promotion of mortgage assistance relief products or services or debt relief products or services; and

B.    failing to destroy such customer information in all forms in their possession, custody, or control within 10 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII. COOPERATION

IT IS FURTHER ORDERED that Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

**IX.   ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 10 years after entry of this Order, for any business that Defendant, individually or collectively with any other defendants, is the majority owner or controls directly or indirectly, Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives whose work relates to financial products or services; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order that includes then-current contact information for the signatory, including the signatory's full name, physical address, telephone number, and email address.

**X.   COMPLIANCE REPORTING**

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.     One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury in which Defendant must:

1.      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2.      identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3.      describe the activities of each business, including the product, service, plan, or program offered, the means of advertising, marketing, and sales, and the involvement of any other defendant;

4.      describe in detail whether and how Defendant is in compliance with each Section of this Order;

5.      provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

6.      identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

7.      identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and

8.      describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      any designated point of contact;

2.      the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the

1   entity or any subsidiary, parent, or affiliate that engages in any acts or practices

2   subject to this Order;

3            3.      name, including aliases or fictitious name, or residence address;

4   or

5            4.      title or role in any business activity, including any business for

6   which Defendant performs services whether as an employee or otherwise and any

7   entity in which Defendant has any ownership interest, and identify the name,

8   physical address, and any Internet address of the business or entity.

9        C.     Defendant must submit to the Commission notice of the filing of any

10  bankruptcy petition, insolvency proceeding, or similar proceeding by or against

11  such Defendant within 14 days of its filing.

12       D.     Any submission to the Commission required by this Order to be

13  sworn under penalty of perjury must be true and accurate and comply with 28

14  U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under

15  the laws of the United States of America that the foregoing is true and correct.

16  Executed on:  _____" and supplying the date, signatory's full name, title (if

17  applicable), and signature.

18       E.     Unless otherwise directed by a Commission representative in writing,

19  all submissions to the Commission pursuant to this Order must be emailed to

20  DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

21  Associate Director for Enforcement, Bureau of Consumer Protection, Federal

22  Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The

23  subject line must begin:  *FTC v. Lake* – Derek Nelson, X150052.

24  **XI.   RECORDKEEPING**

25       IT IS FURTHER ORDERED that Defendant must create certain records for

26  20 years after entry of the Order, and retain each such record for 5 years.

27  Specifically, Defendant and any business that Defendant, individually or

28

collectively with any other defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all products, services, plans, or programs sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## XII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including the Financial Attestations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of

the Commission to interview any employee or other person affiliated with him who has agreed to such an interview.  The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**XIII.  RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED, this 4th day of December, 2015.

Dated: December 4, 2015

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE