1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br><br>        v.<br><br><br>DENNY LAKE, *et al*.<br><br>        Defendants. | Case No. SACV 15-00585-CJC (JPRx)<br><br>**ENTRY OF DEFAULT JUDGMENT AND FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANTS C.C. ENTERPRISES, INC. AND D.N. MARKETING, INC.**<br><br>Judge:  Hon. Cormac J. Carney<br>Courtroom 9B |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Federal Trade Commission ("Commission") filed its Complaint for Permanent Injunction and Other Equitable Relief on April 14, 2015, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538.

The Commission has moved for default judgment against defendants C.C. Enterprises. Inc. (also d/b/a HOPE Services, Trust Payment Center, and Retention Divisions) ("C.C. Enterprises") and D.N. Marketing, Inc. (also d/b/a HAMP Services and Trial Payment Processing) ("D.N. Marketing") (collectively "Corporate Defendants") for failure to file answers in this action.  Upon consideration of the FTC's Motion for Default Judgment, the Court GRANTS the FTC's Motion for Default Judgement, and THEREFORE, IT IS ORDERED as follows

**FINDINGS**

1.     This Court has jurisdiction over this matter.

2.     Venue is proper in this district.

3.     The Complaint charges that, with respect to the sale of Mortgage Assistance Relief Services ("MARS"), Corporate Defendants participated in deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the MARS Rule, 12 C.F.R. § 1015, and the Telemarketing Sales Rule ("TSR"),

16 C.F.R. Part 310.  These deceptive acts and practices included, without limitation, falsely stating that consumers were approved for government-backed home loan modifications and taking advance fees for MARS.

4.     Corporate Defendants' activities as alleged in the Complaint are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     Corporate Defendants had proper notice of this lawsuit.  On April 16, 2015, the FTC properly served them with the Summons and Complaint.  DE 37, 38.

6.     Corporate Defendants have failed to answer or otherwise respond to the Complaint.

7.     The Clerk entered defaults against Corporate Defendants on July 24, 2015.  DE 80.

8.     The FTC is now entitled to default judgement as to Corporate Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

9.     The allegations in the Complaint are taken as true against Corporate Defendants.  Those allegations establish that Corporate Defendants are liable for injunctive and equitable monetary relief for violations of Section 5 of the FTC Act, 15 U.S.C. § 45; the MARS Rule, 12 C.F.R. §§ 1015.3(a), 1015.3(b)(1)-(4), 1015.4(a)(1)-(2), 1015.4(b)(1)-(3), 1015.4(c), 1015.5(a); and Sections 310.3(a)(2)(iii), 310.3(a)(2)(iv), and 310.4(a)(4) of the TSR, 16 C.F.R. §§ 310.3(a)(2)(iii), 310.3(a)(2)(iv), 310.4(a)(4).

10.     The Declarations of Emil T. George (DE 54-10) and Thad Meyer (DE 113-3), filed by the FTC in support of its Ex-Parte Application for Temporary Restraining Order and Motion for Summary Judgment Against Defendant Denny Lake respectively, establish that Corporate Defendants caused consumer injury in the amount of Two Million, Three Hundred Forty-Nine Thousand, Eight Hundred

Eighty-Five Dollars ($2,349,885.00).  Therefore, the Commission is entitled to an award of equitable monetary relief against the Corporate Defendants in this amount.

11.    Entry of this Final Judgement is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A.    "**Assisting others**" includes:

1.    performing customer service functions, including receiving or responding to consumer complaints;

2.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.    formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.    providing names of, or assisting in the generation of, potential customers;

5.    performing marketing services of any kind including, but not limited to, telemarketing;

6.    performing billing or payment services of any kind;

7.    acting or serving as an owner, officer, director, manager, or principal of any entity.

B.    "**Corporate Defendants**" means C.C. Enterprises. Inc. (also d/b/a HOPE Services, Trust Payment Center, and Retention Divisions) and D.N. Marketing, Inc. (also d/b/a HAMP Services and Trial Payment Processing).

C.      "**Credit-related financial product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

1.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3.      improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4.      provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

D.      "**Defendants**" mean individual defendants Chad Caldaronello, Brian Pacios, Justin Moreira, Derek Nelson, Denny Lake; relief defendant Cortney Gonsalves; and Corporate Defendants.

E.      "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

F.      "**Secured or unsecured debt relief product or service**" means:

1.      With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.      stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.      negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance,

monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

        c.    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

        d.    negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

        e.    obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

        f.    negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

        2.    With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

        a.    repay one or more unsecured loans, debts, or obligations; or

        b.    combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

G.   "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of any product, service, plan, or program by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310.

<u>ORDER</u>

## I.   BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that Corporate Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

## II.   BAN ON CREDIT-RELATED FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Corporate Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any credit-related financial product or service.

## III.   BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Corporate Defendants are permanently restrained and enjoined from engaging or participating in telemarketing, directly or through an intermediary, including, but not limited to, by consulting, brokering, planning, investing, marketing, or by providing customer service, billing, or payment services.

## IV.   PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Corporate Defendants, their officers, agents, employees, and attorneys, and all others in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.    any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.    that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or any program, including but not limited to any public, non-profit, or other non-commercial program;

C.    the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D.    the person who will provide any product, service, plan, or program to any consumer;

E.    that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F.    that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

G.    that a consumer will receive legal representation;

H.    any special connections or relationships with lenders or financial institutions; or

I.      any other fact material to consumers concerning any product, service, plan, or program.

**V.    MONETARY JUDGMENT**

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Two Million, Three Hundred Forty-Nine Thousand, Eight Hundred Eighty-Five Dollars ($2,349,885.00) is entered in favor of the Commission and against Corporate Defendants, jointly and severally with all other Defendants, as equitable monetary relief.

B.      Corporate Defendants are ordered to pay the Commission the judgment amount in Subsection A within seven days of the entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.  Any other entity, person or financial institution holding Corporate Defendants' frozen assets must also transfer those assets to the Commission within seven days of the entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.      Corporate Defendants shall take all steps necessary to assist in the transfer of all frozen assets, including those identified in Subsection B.  In the event it is necessary to execute additional documents to transfer, liquidate, or assign Corporate Defendant's assets or any other assets surrendered under this Order, Corporate Defendant shall execute such documents within three days of a request from a representative of the Commission.

D.      The Asset Freeze in the Preliminary Injunction is modified, only with respect to Corporate Defendants.  Once all of Corporate Defendants' frozen assets are transferred in accordance with Subsection B, the Asset Freeze will dissolve with respect to Corporate Defendants.

E.     Corporate Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

F.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H.     Corporate Defendants' Taxpayer Identification Numbers (such as Employer Identification Numbers), which Corporate Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Corporate Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Corporate Defendants have no right to

challenge any actions the Commission or its representatives may take pursuant to this Subsection.

J.     The Commission may request any tax-related information, including tax returns and other filings, that Corporate Defendants have the authority to release.  Within 14 days of receipt of a written request from a representative of the Commission, Corporate Defendants must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission.

## VI.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Corporate Defendants, their officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security Number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any defendant obtained prior to entry of this Order in connection with the marketing or promotion of mortgage assistance relief products or services or debt relief products or services; and

B.     failing to destroy such customer information in all forms in their possession, custody, or control within 10 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

**VII.   ORDER ACKNOWLEDGMENTS**

  IT IS FURTHER ORDERED that each Corporate Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

**VIII.  RETENTION OF JURISDICTION**

  IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

  **IT IS SO ORDERED**, this 31st day of May, 2016.

Dated:__May 31, 2016_____   _____

           CORMAC J. CARNEY

           UNITED STATES DISTRICT JUDGE